CHARLES D. POSTEN, Appellant, *v.* JOSEPH RASSETTE and R. G. CROZIER, Respondents.

Exceptions to the admissibility of a deed in evidence, must be taken advantage of at *nisi prius.*

The destruction of a power of attorney, does not destroy the power. Upon the loss of the paper, there is no reason why its existence should not be shown and the power continued, so as to carry out the object of both the principal and agent.

In the case of lost instruments, where no copy has been preserved. it is not to be expected that witnesses can recite its contents, word for word. It is sufficient if intelligent witnesses. who have read the paper, understood its object and can state it with precision.

Where a power of attorney is coupled with an interest, upon proper allegations, sustained by unequivocal proof, a Court of Equity will restrain its revocation, and enable the attorney to execute the trust.

The Mexican system knew nothing of the common law doctrine of seals. A power of attorney executed while those laws were in force, is therefore good without a seal.

Appeal from the District Court of the Fourth Judicial District, San Francisco County.

Ejectment for certain property in San Francisco.

The facts are as follows: On the 4th day of January, 1850, Robert A. Parker, by virtue of a power of attorney from one Charles C. South-ard, sold and conveyed to James Cunningham, the property in dispute.

In May, 1853, Cunningham conveyed to Rassette, under whom Crozier claims. In December of the same year, Southard, with a full knowledge of the former conveyance, sold the property to the plaintiff.

At the trial, defendants produced the deed from Southard to Cunningham, and the subsequent conveyances, and in order to prove that Parker had authority to sell, called R. H. Sinton, who testified that he was the Notary Public before whom the deed from Southard was acknowledged; that he had seen a power of attorney from Southard to Parker, authorizing him to sell the property in dispute; that such power was made out in the usual form, and that it had been destroyed in the burning of the Parker House, in the year 1849.

Charles C. Parker also testified to the existence of the power of attorney, and to its contents and loss. Both Sinton and Parker testified that they were familiar with, and in the habit of drawing such instruments. To the whole of this testimony, plaintiff objected; the Court admitted the same, and plaintiff excepted.

The Court overruled a motion for a new trial, and plaintiff appealed.

*Crockett & Page*, for Appellant.
No brief on file.

*Halleck, Peachy, Billings & Park*, and *Hoge & Wilson*, for Respondents.

Where an instrument has been lost or destroyed, parol evidence of its contents is admissible. Neely *v.* Jackson, 10 Johns., 374. Corbin *v.* Jackson, 14 Wend., 619. Botsford *v.* Morehouse, 4 Conn., 551. Gilbert *v.* Bulkley, 5 Ib., 265. The objection that the authority to sell was revoked by the destruction of the power of attorney, is frivolous.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

1. The first objection of the appellant, relates to the form of the deed. It is insisted, that as it was executed while the Mexican laws were in force, that to give it validity, it should have been executed according to the forms prescribed by those laws. The objection comes too late. It ought to have been taken on the trial at *nisi prius*. It

would then have given an opportunity to the defendants to prove that custom had changed the law. This would be perfectly legitimate, according to the rules of the civil law, and would be called a custom beyond the law. Indeed, it may be a question, (not now necessary to decide,) whether, when a well established custom, extending over a large territory, has changed the general law, the Courts are not bound judicially to take notice of the change, especially when the change was co-extensive with their jurisdiction.

2. It is next objected that the power of attorney from Southard to Parker, was destroyed by fire before the latter sold the lots by virtue of its authority, and that therefore the authority was gone. To this the answer is apparent, that it was not the paper which gave the power, but the will of the man who executed it. It was necessary by the prudent regulations of the law, that the intention of the principal should be disclosed by him on paper; but this once done, there is no reason, upon the loss of the paper, why its existence should not be shown, and the power continue, so as to carry out the object of both the principal and agent. In this case, too, it was something more than a mere naked power: according to the evidence, it was a power coupled with an interest. It was received by Parker as a security for the indebtedness of his principal to him; and although that may not have appeared on the face of the instrument, yet, upon proper allegations, sustained by unequivocal proofs, a Court of Equity would have restrained its revocation, and enabled the attorney to execute the trust. He had a vested right, founded upon good consideration, and was entitled to protection.

3. The proof was sufficient to establish the existence, loss, and contents of the power of attorney, *prima facie.* In the case of lost instruments where no copy has been preserved, it is not to be expected that witnesses can recite its contents, word for word;—it is sufficient if intelligent witnesses who had read the paper, understood its object, and can state it with precision. Here, two witnesses, both of whom had been accustomed to draw papers of the like kind, and one of whom was a Notary Public, testify to the contents of the power of attorney, by stating clearly and precisely its object. I have no doubt

of the competency of this evidence, and there was no error in admitting it.

4. The next objection is, that there is not shown to have been a seal to the power of attorney. The Mexican system of jurisprudence knew not the common law doctrine of seals. The power was therefore good, with or without a seal.

It remains but to add, that the judgment is affirmed.