[S. F. No. 4944.   Department One.—February 11, 1909.]

## HIBERNIA SAVINGS AND LOAN SOCIETY (a Corporation), Respondent, v. JAMES T. BOYD, Appellant.

MORTGAGES—FORECLOSURE SALE—RETURN—ACTION UPON DEFICIENCY JUDGMENT—INSTRUCTION TO FIND FOR PLAINTIFF.—In an action upon a deficiency judgment entered and docketed against the mortgagor after sale of the mortgaged premises for less than the amount of the mortgage debt and return made thereof: *Held,* that upon the facts established by the admissions of the answer and the uncontroverted evidence the trial court was fully warranted in instructing the jury to find for the plaintiff.

ID.—ISSUE AS TO SALE FOR ANY LESS THAN FULL JUDGMENT—ADMISSION OF RETURN FOR LESS SUM—PRIMA FACIE EVIDENCE—DISPROOF OF ANSWER.—When the answer claimed that the sale of the premises was for no less than the full amount of the judgment, but did not deny that a sale was made and returned for a less sum, showing a deficiency of five thousand dollars for which a judgment was docketed, and the return of sale introduced in evidence showed that the sale was for five thousand dollars less than the amount of the judgment, such return is *prima facie* evidence that the sale was for a less sum than the amount of the judgment, and in the absence of any proof to the contrary disproves the answer as to a sale for any less than the full amount of the judgment.

ID.—OMISSION AS TO JURISDICTION OF FORECLOSURE SUIT.—When an averment that the foreclosure judgment was duly given and made was not denied, the jurisdiction of the court over the parties and the subject-matter of the foreclosure suit is admitted, and it is unnecessary for the plaintiff to prove any facts showing such jurisdiction.

ID.—ISSUE AS TO DATE OF JUDGMENT—STATUTE OF LIMITATIONS.—When the answer joined issue as to the date of the judgment, as bearing upon the statute of limitations pleaded, it is sufficient that the evidence shows that it was entered upon a date which is within the statute.

CLV Cal.—13

ID.—JUDGMENT APPOINTING REFEREE TO MAKE SALE—COMMISSIONER—
RETURN—PROPER JUDGMENT FOR DEFICIENCY.—When the judgment
of foreclosure was for the sum of $61,184.10 and provided for
appointment of a referee to make the sale of the mortgaged land
and make return thereof, and that if the sum obtained was insuf-
ficient to satisfy the judgment the clerk was directed to enter and
docket any deficiency against the mortgagor, who was adjudged
personally liable therefor, the so-called referee was practically the
commissioner provided for in section 726 of the Code of Civil
Procedure to act in place of the sheriff, and his return of the sale
of the land is *prima facie* evidence of its truth; and when it shows
a sale thereof for $56,184.10 only a deficiency judgment was prop-
erly entered and docketed against the mortgagor for the deficiency
of five thousand dollars.

ID.—DEFECT IN APPOINTMENT OF "REFEREE" NOT AVAILABLE ON COLLAT-
ERAL ATTACK.—Any defect in using the word "referee" instead of
the word "commissioner" employed in section 726 of the Code of
Civil Procedure in the foreclosure judgment is not available to the
defendant upon collateral attack; and it being admitted that the
court had jurisdiction, any error therein could only be available
upon appeal.

ID.—RECORDS DESTROYED BY FIRE—ADMISSION OF JURISDICTION—PROOF
OF JUDGMENTS ONLY.—The jurisdiction to render the foreclosure
judgment being admitted, and all of the records in the foreclosure
suit having been destroyed in the conflagration of April 18-20, 1906,
it was unnecessary to reproduce or prove the whole judgment-roll;
but it was sufficient to prove the contents of the judgment of fore-
closure and of the deficiency judgment.

ID.—ORAL PROOF OF CONTENTS OF BURNED JUDGMENTS.—The general
principle that the contents of a destroyed record, of which there is
no copy, may be proved by oral evidence is to be deemed applicable
to the restoration of burned records destroyed by the conflagration
of April 18-20, 1906, notwithstanding the act of June 16, 1906.

ID.—ADMITTED ALLEGATIONS AS TO SALE AND RETURNS.—The admitted
allegations that the referee duly sold "the said land" and so reported
to the court implies an admission that he sold all the mortgaged
land and so reported to the court; and the admission of the allega-
tion of the complaint that the referee "returned to this court his
report in said cause," showing certain enumerated things, must be
taken as meaning that he made the report in all respects as required
by law.

ID.—DOCKETING OF DEFICIENCY—APPOINTMENT OF REFEREE—SUFFICIENCY
OF COMPLAINT—ABSENCE OF SPECIAL DEMURRER—PRIMA FACIE EVI-
DENCE.—In the absence of a special demurrer it is held that the
allegations of the complaint are sufficient to show the docketing
of the deficiency judgment in the manner provided by law, and to
show the appointment of a referee by the judgment, who subsequently

sold the mortgaged property, and that the evidence made a *prima facie* showing in each of these respects.

ID.—EFFECT OF ADMITTED ALLEGATIONS AS TO SALE.—The admitted allegations as to the sale imply a *valid* sale as against a general demurrer, and that the referee gave the proper bond and was sworn faithfully to discharge his duties according to law, and that an order of sale was issued on the judgment and placed in his hands as prerequisites to a valid sale.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

E. W. McGraw, for Appellant.

Edwin L. Forster, for Respondent.

ANGELLOTTI, J.—This is an action on an alleged judgment for deficiency after foreclosure sale of mortgaged premises. A verdict in favor of plaintiff for the amount of such alleged judgment, with interest, was rendered by the jury trying the case, in accord with an instruction of the trial court directing them to so do. This is an appeal by defendant from the judgment entered on such verdict, and from an order denying his motion for a new trial.

Upon the facts, as established by the admissions of the answer and the uncontroverted evidence given at the trial, the trial court was fully warranted in instructing the jury to find for the plaintiff.

The admissions contained in defendant's answer were sufficient to warrant the trial court in taking it as a conceded fact that the original foreclosure judgment was duly given and made by the superior court of the city and county of San Francisco in an action in which it had jurisdiction of the subject-matter and in which it had acquired jurisdiction of the person of the defendant Boyd. The real issues made by the answer in regard to this were as to the nature and terms of said judgment, and the exact date upon which it was given and entered (October 13th or 15th, 1900), the date being material in view of the defense of the statute of limitations. The evidence was such as to compel the conclusion that the judgment was given, made, and entered on October 15, 1900,

and was for the foreclosure of a certain mortgage upon the
lands described in the complaint in said action, and for the
sale of said lands to satisfy the said judgment for the sum
of $61,184.10; and for the appointment of a referee to make
sale of said lands, and out of the proceeds thereof, if sufficient,
to satisfy said judgment for $61,184.10, and if the sum so
obtained for said lands was insufficient to satisfy said sum,
that the clerk of said court enter a judgment in said action,
against Boyd, for such deficiency, and that it adjudged Boyd
personally liable on said mortgage.

It was alleged in the complaint "that thereafter, and in
pursuance of said judgment and decree the said referee duly
sold the said land, obtaining therefor the sum of $56,184.10;
and that he thereafter returned to this court his report in
said cause, which, among other things, showed the sale of said
land, and the amount received therefor." By his answer to
this, defendant, on information and belief, denied simply that
the referee sold said land for any sum less than the entire
amount of the judgment, not denying the sale, and not deny-
ing that the referee made a return to the court showing the
sale for $56,184.10 only. The evidence introduced was such
as to compel the conclusion, in accord with the allegation of
the complaint, that the clerk of the court did on November
15, 1900, after the filing of such report, docket the deficiency
of five thousand dollars against defendant in his judgment
docket, as it was his duty to do both under the law (Code Civ.
Proc., sec. 726) and the terms of the foreclosure judgment, if
the report of the officer showed such deficiency. The so called
referee was practically the "commissioner" provided for by
section 726 of the Code of Civil Procedure, to act in place of
the sheriff in such matters where it is so desired by the court,
and such a commissioner's report, like the return of the sheriff,
is *prima facie* evidence of the facts stated therein (Pol. Code,
sec. 4178; Code Civ. Proc., sec. 729). The fact of such a
report being admitted by the pleadings, there was *prima facie*
evidence that the property was in fact sold for only
$56,184.10, and defendant made no attempt to rebut this.
Therefore, it was established not only that the referee's report
showed the sale for five thousand dollars less than the amount
of the judgment, but also that the report was correct, thus
disproving defendant's allegation in this regard.

The claim that these admitted and proven facts were not sufficient to compel judgment in favor of plaintiff, is based on many objections, some of which are exceedingly technical.

The objection that the jurisdiction of the superior court to make the original foreclosure judgment in all respects as it was made was not shown, is answered by what we have said as to the admissions made by the answer. The allegation of the complaint was that the judgment therein alleged "was duly given and made" by the superior court of the city and county of San Francisco. This was not denied except as to the date of judgment and the terms thereof. Such an allegation, in the case of a court of superior or general jurisdiction, implies a lawful judgment, that is a judgment within the right and authority of the court to pronounce, a judgment by a court having jurisdiction of both the person of the defendant and the subject-matter of the action. (See *Weller* v. *Dickinson,* 93 Cal. 110, [28 Pac. 854] ; *Ashton* v. *Heydenfeldt,* 124 Cal. 14, [56 Pac. 624] ; *San Francisco Land etc. Co.* v. *Hartung,* 138 Cal. 223, 230, [71 Pac. 337].) In so far as the complaint alleged such a judgment, it was not controverted by the answer, and, therefore, stands admitted. Hence, it was not necessary in the case at bar to show that there was a complaint in such action, or a request therein for personal judgment, or personal service of summons, or that the mortgaged land was situated wholly or partly in the city and county of San Francisco. All things essential to the jurisdiction of the court to give the exact judgment it did give against defendant were included in the admissions. The only things in dispute as to the foreclosure action were the date and terms of the judgment. What we have said on this objection answers also the contention of the defendant that the judgment in that action was not admissible in evidence unless accompanied by the other papers that constitute the judgment-roll. All of the papers and records of the action, including the record of both original and deficiency judgments, were destroyed in the conflagration of April 18-20, 1906, and plaintiff made secondary proof of the judgments only, introducing no evidence as to the other papers and records. The claim of defendant to the effect that the judgment alone is not admissible without the other portions of the judgment-roll is necessarily based solely on the theory that jurisdiction

to give the judgment must appear before it can be held binding. Where jurisdiction of both person and subject-matter is conceded, the judgment alone is clearly admissible, and it is unnecessary to supplement it by proof of the other portions of the judgment-roll.

It is said that there was no proof that *all* of the mortgaged property had been sold by the referee, and that no deficiency judgment could be given until all had been sold. We have already quoted the admitted allegation of the complaint that the referee duly sold "the said land," and so reported to the court.

It is objected that the person appointed to make the sale on foreclosure is styled a "referee," while the Code of Civil Procedure provides only for the appointment of a "commissioner" for that purpose, where the sheriff is not to make the sale. (Sec. 726.) As we have intimated, the word "referee" as here used must be regarded as synonymous with the word "commissioner" used in section 726 of the Code of Civil Procedure. Were this not so, the defect would not be available to defendant on this collateral attack on the foreclosure judgment. So far as the question of jurisdiction is concerned, the superior court having jurisdiction of the subject-matter and the person of the defendant, had jurisdiction to order the sale to be made by any person, and if it ordered it to be made by some one other than those designated in section 726 of the Code of Civil Procedure, it simply erred in the exercise of its jurisdiction, and the remedy of defendant was to be found in an appeal from the foreclosure judgment.

The allegation in the complaint, admitted by the answer, that the referee "returned to this court his report in said cause" showing certain enumerated things, must here be taken as meaning that he made the report in all respects as required by law. This disposes of the objection that it does not appear that he filed a "verified report and account of the sale," or that such report was accompanied by the proper affidavits, as required by section 729 of the Code of Civil Procedure.

We think the allegations in the complaint were sufficient, in the absence of specific objection by demurrer, to show the docketing of the deficiency judgment in the manner provided by law. The uncontroverted evidence introduced by plaintiff certainly made a *prima facie* case in this behalf.

The same may be said of the objection that the complaint did not allege or the evidence show the appointment of any commissioner or referee. As against merely a general demurrer, the complaint must be construed as showing the appointment by the judgment of a referee, who subsequently sold the mortgaged property, and the proof makes a *prima facie* case in that regard.

Sections 726 and 729 of the Code of Civil Procedure provide that a commissioner appointed to sell mortgaged property, before entering upon his duties, must be sworn to perform them faithfully, and give a bond with sufficient sureties in such sum as may be ordered by the court, to the effect that he will faithfully perform the duties of commissioner according to law. It has also been held by this court that it is essential to a valid sheriff's sale on foreclosure, that an order of sale should have been issued on the judgment and placed in the hands of the officer (*Heyman* v. *Babcock,* 30 Cal. 367). None of these things was alleged in terms in the complaint or specifically proved at the trial. It is not necessary to determine here what would be the effect of a failure to comply with these requirements. If they were indispensable to a valid sale, and it was necessary to allege and show them in an action upon the deficiency judgment, we think that the allegations of the complaint as to the sale by the referee were sufficient to include them as against a general demurrer, and that they were effectually admitted by the answer. We have already stated the contents of the pleadings on this point. The pleadings imply a *valid* sale by the referee, the only issue in regard thereto being the amount realized thereon.

What we have said disposes of all the points made by appellant, except the contention that the trial court erred in admitting oral testimony to prove the record in the foreclosure case, including the deficiency judgment. As we have said, all records appertaining thereto had been destroyed in the general conflagration of April 18-20, 1906, and proof of such destruction was made to the trial court. This contention appears to be based on the act of June 16, 1906, providing for the restoration of court records which have been lost, injured, or destroyed by conflagration or other public calamity (Stats. 1906, p. 73), which it is claimed provides an exclusive remedy and forbids all other proof of lost judicial records. It is not

claimed that in the absence of such act oral proof of the records would not have been admissible. A judicial record is a public writing (Code Civ. Proc., sec. 1894), and section 1855 of the Code of Civil Procedure provides in terms that when an original writing has been lost or destroyed and proof of such loss or destruction made, it may be shown either by copy or oral evidence of its contents. In *Ames* v. *Hoy*, 12 Cal. 11, an action on a judgment, it was in terms held that parol evidence was admissible to show the existence and contents of a judgment, the record of which had been destroyed by fire. The court very tersely disposed of the objection of the defendant in this regard, saying: "It is also argued that the destruction of the book containing the judgment is the destruction of the judgment itself; so that the primary evidence of the judgment being removed, no other proof of it is admissible. We think that this position is alike indefensible in reason and on authority." (See, also, *In re Warfield*, 22 Cal. 51, 64, [83 Am. Dec. 49].) Mr. Freeman quotes approvingly the rule announced by Mr. Greenleaf in his work on evidence, as follows: "If the record is lost, and is ancient, its existence and contents may sometimes be presumed; but whether it be ancient or recent, after proof of the loss, its contents may be proved, like any other document, by any secondary evidence, where the case does not, from its nature, disclose the existence of other and better evidence," and declares this rule to be sustained, beyond a doubt, by the weight of authority. (2 Freeman on Judgments, sec. 407 and note.) After a careful examination of its contents, we are satisfied that the act of June 16, 1906, should not be construed as purporting to make any change in this well-settled rule of evidence.

The judgment and order are affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.