[Civ. No. 865.   First Appellate District.—April 22, 1911.]

## THE SEABOARD NATIONAL BANK, a Corporation, Respondent, v. A. H. ACKERMAN, Appellant.

ACTION UPON JUDGMENT—RECORD OF ORIGINAL ACTION DESTROYED—SECONDARY EVIDENCE.—In an action upon a judgment, where the record of the original action was destroyed by fire, before the commencement of the action, secondary evidence was admissible and competent to establish the existence of the original action and all of the proceedings, including the judgment had therein, under subdivision 1 of section 1855 of the Code of Civil Procedure, notwithstanding the provisions of the act of June 16, 1906.

ID.—SUFFICIENCY OF SECONDARY EVIDENCE—SUBSTANTIAL PROOF OF JUDGMENT-ROLL.—It is held that the evidence of the institution of the original action, service of summons, and entry of judgment therein was positive and direct, and in substance established the existence of the papers and pleadings constituting the judgment-roll. It was not necessary to state the contents thereof word for word; but the substance of the lost or destroyed instruments is all that is required.

ID.—PREPARATION OF PAPERS BY ATTORNEY AT LAW—FORM OF ACTION FOR MONEY LOANED.—The fact that the papers in the original action, consisting of the complaint, return of summons showing service, and the judgment thereon, were prepared by an attorney at law, in the ordinary and usual forms employed in an action for money loaned, tended in some degree to warrant the inference that the lost record contained in detail all that was essential to support the jurisdiction and judgment of the court in the first instance.

ID.—JUDGMENT IMMUNE FROM COLLATERAL ATTACK—PRESUMPTION OF REGULARITY.—A judgment of a court of general jurisdiction in this

state, not void upon its face, is immune from collateral attack. In the face of such an attack it is presumed to be in all respects regular, and its rendition carries with it the implication that the court rendering the judgment had previously determined upon sufficient evidence that it had jurisdiction of the subject matter and of the defendant therein.

ID.—EVIDENCE NOT SHOWING MODE OF SERVICE OF SUMMONS—PRESUMPTION.—The fact that the evidence in the present case does not show upon whom or how the service of summons in the original action was made is not inconsistent with the conclusion that the defendant therein was properly served with summons; and it must be presumed in support of the action of the court that such service was shown to it, although it has not preserved any record thereof.

ID.—JUDGMENT FORMING BASIS OF ACTION—CONCLUSION.—The judgment which forms the basis of the present action, having been established and received in evidence without objection or controversy, is entitled to all the presumptions pertaining to judgments of courts of superior jurisdiction, and was in and of itself sufficient for the finding upon which rests the judgment in the case at bar.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman, for Appellant.

Cushing & Cushing, and William S. McKnight, for Respondent.

LENNON, P. J.—This is an appeal from a judgment.

Respondent, as plaintiff in this action, recovered judgment in the superior court of the city and county of San Francisco against appellant, as the defendant below, in the sum of $7,882. This judgment was made and entered upon a judgment alleged to have been previously duly made and entered in the same court against the defendant and in favor of the plaintiff in the sum of $5,583.

Appellant's answer in the action at bar denied specifically the allegations of plaintiff's complaint, and, as a separate and distinct defense, alleged that the records and papers in the original action had been destroyed by fire, and set out the act of June 16, 1906, providing for the restoration of court records lost, injured or destroyed by conflagration or other calamity.

Upon the trial of the present case respondent relied entirely upon oral evidence to establish the making and entry of the original judgment, and no testimony in reply thereto or contradictory thereof was offered upon behalf of appellant.

The trial court found as a fact that ''on the tenth day of November, 1903, in an action brought by the above-named plaintiff against the above-named defendant, in the above-entitled court, a judgment was duly given, made and entered in favor of said plaintiff, and against said defendant, for the sum of $5,583, . . . which said action and judgment are the same referred to in the complaint herein.''

Appellant challenges the sufficiency of the evidence to support this finding.

The uncontroverted evidence on the part of the plaintiff which was offered and received without objection, showed, in substance, that about the year 1902, upon a complaint in the usual form for money loaned, an action was instituted in the superior court of the city and county of San Francisco, wherein respondent was plaintiff and appellant the defendant, for the recovery of the sum of $5,000, alleged to have been loaned to appellant by the Seaboard National Bank, the plaintiff here; that the complaint and summons in the action were personally prepared by Mr. Charles S. Cushing, attorney for plaintiff, and service of the same made; that subsequently a return thereon, showing service in due form, was made and filed in the action; that on November 10, 1903, judgment was rendered and entered against the defendant upon his default, and in favor of the plaintiff, for the sum of $5,583.33, and costs amounting to the sum of $8.50; that this judgment was entered in the regular form, and thereafter a judgment-roll made up, consisting of the complaint, return of summons and the judgment; that this judgment was never paid either in whole or in part.

The record evidence of the original action having been entirely destroyed by fire before the commencement of the present action, secondary evidence was admissible and competent to establish the existence of the original action and all of the proceedings, including the judgment had therein (Code Civ. Proc., sec. 1855, subd. 1; *Ames* v. *Hoy,* 12 Cal. 11; *In re Will of Warfield,* 22 Cal. 64, [83 Am. Dec. 49]) ; and this is so notwithstanding the provisions of the act of June 16, 1906.

(*Hibernia Sav. & Loan Society* v. *Boyd,* 155 Cal. 193, [100 Pac. 239].)

It is appellant's contention that in the case at bar there was no direct proof of personal service of summons on the defendant, or of the contents of the complaint and judgment-roll in the original action. The evidence of the institution of the original action, service of summons and entry of judgment therein was positive and direct, and in substance established the contents of the papers and pleadings constituting the judgment-roll.

"In the case of a lost instrument where no copy has been preserved, it is not to be expected that witnesses can state the contents, word for word." (*Posten* v. *Rassette,* 5 Cal. 467.) The substance of a lost or destroyed document is all that is required. (*Kenniff* v. *Caulfield,* 140 Cal. 43, [73 Pac. 803].)

The fact that the complaint, the return of summons, showing service, and the judgment-roll in the original action were prepared by an attorney at law in the ordinary and usual form employed in actions for money loaned, tended in some degree to warrant the inference that the destroyed record contained in detail all that was essential to support the jurisdiction and judgment of the court in the first instance. (*Mandeville* v. *Reynolds,* 68 N. Y. 536; *Jackson* v. *Crawford,* 12 Wend. (N. Y.) 536.) In brief, the evidence in its entirety was, in our opinion, a sufficient premise for the deduction and inference that the destroyed record contained all that was necessary to effectuate its purpose and establish the ultimate fact disputed in the case at bar.

Aside from this conclusion as to the scope and effect of the evidence generally, it is certain that the uncontroverted evidence offered upon behalf of the plaintiff established the rendition and existence of the judgment upon which the present action is based, and that said judgment was made and entered by a court of superior jurisdiction in favor of the present plaintiff and against the present defendant.

It is the settled rule in this state that a judgment of a court of general jurisdiction not void on its face is immune from collateral attack. In the face of such an attack it is presumed to be in all respects regular, and its very rendition carries with it the implication that the court rendering the

judgment had previously determined, upon sufficient evidence, that it had jurisdiction of the subject matter of the action and of the defendant therein. (*Carpentier* v. *City of Oakland,* 30 Cal. 439; *Hahn* v. *Kelly,* 34 Cal. 391, [94 Am. Dec. 742]; *Estate of Eichhoff,* 101 Cal. 600, [36 Pac. 11].)

The fact that the evidence in the case at bar does not show upon whom or how the service of summons in the original action was made is not inconsistent with the conclusion that the defendant therein was properly served with summons, and "it must be presumed in support of the action of the court that such service was shown to it, although it has not preserved any record thereof." (*Eichhoff* v. *Eichhoff,* 107 Cal. 47, [48 Am. St. Rep. 110, 40 Pac. 24]; *Canadian etc. Co.* v. *Clarita etc. Co.,* 140 Cal. 675, [74 Pac. 301].)

The judgment which forms the basis of this action having been established and received in evidence, without objection or controversy, is entitled to all the presumptions pertaining to judgments of courts of superior jurisdiction, and was, in and of itself, sufficient support for the finding upon which rests the judgment in the case at bar.

The judgment appealed from is affirmed.

Hall, J., and Kerrigan, J., concurred.