[Civ. No. 7075. First Appellate District, Division Two.—December 4, 1929.]

FRED WENDT, Appellant, v. PEARL E. GATES et al., Respondents.

Frederick Dubovsky and E. E. Keyes for Appellant.

Vallandigham & Hollingsworth for Respondents.

STURTEVANT, J.—The plaintiff commenced an action in ejectment against the defendants. The defendants answered and a trial was had before the court without a jury. The court made findings of fact in favor of the defendants, and from a judgment entered thereon the plaintiff has appealed and has brought up typewritten transcripts.

In findings one and two the trial court found that the defendants were the owners and that the plaintiff had no interest in the property involved. The plaintiff contends that the findings were conclusions. In his brief he does not set forth any of the evidence supporting his contention. Whether the findings mentioned are or are not conclusions depends on the nature of the evidence. In *Levins* v. *Rovengo*, 71 Cal. 273 [12 Pac. 161], the court was considering the same attack in an action of ejectment. At page 278 of

71 Cal., *supra*, the court said: "If, from the facts in evidence, the result can be reached by that process of natural reasoning adopted in the investigation of truth, it becomes an ultimate fact, to be found as such. If, on the other hand, resort must be had to the artificial processes of the law, in order to reach a final determination, the result is a conclusion of law." From all that is set forth in plaintiff's brief we cannot say that the findings were conclusions.

In the next place the plaintiff contends that finding number three, which is on the subject of adverse possession, is contrary to the evidence. In his brief he quotes no evidence and does not even cite the reporter's transcript.

Finding number four was in response to an allegation pleading a judgment in bar. The plaintiff asserts that his vendor was not served with process and made no appearance in the former action and therefore this plaintiff is not barred by the judgment. On the trial of the instant case the judgment-roll in an action foreclosing a mortgage, *Stump et al.* v. *Marvin et al.*, No. 11944, records of the county clerk of Sonoma County, was introduced. In that action plaintiff's vendor, George W. Riddell, was named as a party defendant. Summons was issued and returned and the record does not show that Riddell was or was not served. An answer was filed by "the defendants." The same expression is used several times in the answer. David E. Williams signed the answer as attorney for "the defendants." The judgment recites that Williams withdrew as attorney for certain defendants, naming them, but not naming Riddell. The judgment further recites that evidence was received "on the part of the parties herein concerned." This court is unable to say that the trial court erred in making an implied finding in this action that Riddell appeared and answered in the foreclosure proceedings.

The judgment in the foreclosure proceedings was entered May 18, 1921. In a supplemental transcript the plaintiff inserts what he claims to be a minute order made January 20, 1928, and which in form is an order dismissing the said action number 11944 as to the defendant Riddell because summons was not served and returned within three years. The record is not clear as to whether said order was received in evidence in the instant case. Be that as it

may, it was not competent evidence in this collateral proceeding to impeach the judgment in action number 11944. It was no part of the judgment-roll in said action. (Code Civ. Proc., sec. 670.) Therefore, in the instant case, said order could not be used for the purpose of disproving any recital contained in the judgment in action numbered 11944. It is well settled that the judgment-roll alone can be considered in such an attack. (15 Cal. Jur. 290, sec. 276; *Hahn* v. *Kelly*, 34 Cal. 391, 404 [94 Am. Dec. 742]; *Hobbs* v. *Duff*, 43 Cal. 485, 490, 491; *City of Los Angeles* v. *Glassell*, 203 Cal. 44, 49 [262 Pac. 1084].)

 The plaintiff claims that finding number five, which treats of adverse possession, was not responsive to any allegation made in the pleadings. An inspection of the clerk's transcript shows that the contention is well founded. If the plaintiff's attacks on findings one, two, three and five are each and all sustained, nevertheless the judgment must be affirmed because it is supported by the remaining findings, which, as we have shown, are sustained by the evidence.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 2, 1930.