[L. A. No. 14267.    In Bank.—October 23, 1933.]

MARIL L. BOX et al., Plaintiffs and Respondents, v. WILL-
IAM E. YOUNG et al., Defendants and Respondents;
F. H. McIVER et al., Appellants.

Charles L. Childers and D. B. Roberts for Appellants.

S. P. Williams for Defendants and Respondents.

PRESTON, J.—Appeal from judgment on the pleadings in favor of plaintiffs. ■ The question involved is correctly stated by the appellants in the following language: "When a recall petition, sufficient in all respects, has been filed with the secretary of the board of directors of an irrigation district, and after the secretary has made complete examination, but before his certificate is made or said certificate and petition presented to the board of directors, the major portion of said petition is stolen and lost, does such loss divest the secretary of authority to make his certificate and divest the board of jurisdiction to call the election?"

On the twenty-first day of February, 1933, a petition was filed with the secretary of the board of directors of Imperial Irrigation District for the recall of one Burleigh E. Adams, a director from the fourth division of said district. The original petition consisted of one section with only 16 names on it. The minimum number of names required to effect a recall election for director of said division of said district was 540. The first petition was certified by said secretary to be insufficient and within ten days thereafter a supplemental petition was filed with said secretary in 13 sections, containing over 800 names. The secretary made his examination as required by law and also made a duplicate list of all the signers on said petition, and places of their residence. However, before he had actually made his certificate, as required by law, based upon the original and supplemental papers, 11 of the sections of said supplemental papers were stolen from his office, which said sections contained some 647 names. Inquiry was made, but said papers were never found or recovered. The secretary nevertheless proceeded to make his certificate based upon his said examination of the original and supplemental papers, prior to their loss, and from such examination, he determined that a sufficient number of names of qualified electors were contained therein. He attached to said certificate the three sections remaining in

his possession and satisfactorily accounted for the loss of the remaining portions.

At this point plaintiffs, as taxpayers, instituted this action to enjoin said secretary, as well as the board of directors of said district, from taking any further steps toward calling a special election for the recall of said director Adams until the whole of the petition had been found or the lost portions thereof restored by a proper decree of court. The allegation was made that the directors would, unless restrained, call the election for the purpose indicated.

Three of the members of the board, one of whom was said director Adams, resisted this application for an injunction. The other two members of the board, by their answer, joined with the plaintiffs in requesting the injunction. The secretary answered, denying that he was unable to make the certificate required by law and alleging that he had already performed that duty, also setting up the foregoing facts as to the loss of said documents.

Under these pleadings, plaintiffs and the two directors who joined them, moved for judgment on the pleadings in their favor. The motion was granted and judgment was thereupon entered in favor of plaintiffs granting a permanent injunction against the calling of said election until the lost documents were recovered or their loss established by a decree of court. From such judgment said three director defendants, and said secretary, appealed.

We can find no justification for the judgment for plaintiffs. ■ The irrigation district is a public corporation (*Yolo* v. *Modesto Irr. Dist.*, 216 Cal. 274 [13 Pac. (2d) 908]). The filing with the secretary of said original and duplicate sections of the recall petition, made the petition a public document in the files of said district. ■ An order of the court restoring the lost portions of the petition was not necessary to give it validity. The loss or destruction of such public records did not affect their validity or effectiveness. (*Estate of Heywood*, 154 Cal. 312, 315 [97 Pac. 825].) ■ Secondary evidence of the contents of said petition could be received and acted upon by the board of directors of said district (sec. 1855, Code Civ. Proc.; *Hibernia Savings & Loan Soc.* v. *Boyd*, 155 Cal. 193 [100 Pac. 239]).

■ Respondents rest their contention for the propriety of said judgment upon the provisions of section 28½ of

the Irrigation District Act, which provides that the secretary shall examine the petition "and he shall attach to said petition his certificate showing the result of said examination"; also "if the petition shall be found to be sufficient, the secretary shall submit the same to the board of directors without delay, whereupon the board shall forthwith cause a special election to be held . . . " We think that the construction contended for is entirely too technical. When the board examines the certificate of the secretary and hears the evidence of the loss or destruction of the petition or any material portion thereof, and concludes therefrom that a sufficient petition was filed and properly certified, the same may be said to be in law "submitted" to said board.

The judgment is reversed.

Curtis, J., Seawell, J., Langdon, J., Waste, C. J., and Thompson, J., concurred.