[L. A. No. 14435. In Bank.—October 23, 1933.]

CHARLES H. MORROW, Petitioner, v. BOARD OF DIRECTORS OF THE IMPERIAL IRRIGATION DISTRICT et al., Respondents.

S. P. Williams and Gray, Cary, Ames & Driscoll for Petitioner.

Charles L. Childers and D. B. Roberts for Respondents.

PRESTON, J.—This is an original proceeding seeking a peremptory writ of mandate requiring respondents, as the full Board of Directors of the Imperial Irrigation District, to forthwith meet as such board and call a special election to determine whether Burleigh E. Adams should be recalled as a director from the fourth division of said district, and his successor elected. Directors Hewes and Young have not appeared. The other three members of the board have answered. However, respondents do not question the sufficiency of the petition nor of the certificate of the secretary of the board nor the fact that the board has failed to act, nor that they will not act without an order of court directing them so to do. The answer sets up the proceeding this day determined (*Box* v. *Young, ante,* p. 243 [26 Pac. (2d) 290]).

From the situation as therein set forth, it is urged that the second petition, the one here involved, should not be entertained or acted upon until the first petition, the one involved in said Box case, has been disposed of by proper action of the board. It is unnecessary to give a detailed account of these proceedings. It suffices to say that prior to the filing of the present petition a petition for the identical purpose was filed with the secretary of the district, was examined by him and determined to be sufficient, but before the completion of his certificate thereon eleven sections of the petition, containing some 647

names, were purloined from the files of the district. The secretary, nevertheless, proceeded to make his certificate setting forth the loss or destruction of the documents and filed same with the board of directors. At this point the above-mentioned proceeding was commenced (*Box* v. *Young, supra*) to permanently restrain the calling of a special election until the lost documents were restored to the files or the loss accounted for by a decree of court. Judgment was granted therein as asked. An appeal was taken and said judgment has, as aforesaid, been this day reversed (*Box* v. *Young, supra*).

 The petition and certificate involved in the instant proceeding are sufficient and hence no justification can be found for the failure of the board to act thereon and proceed to call the special election. The fact that two valid petitions may be on file at the same time does not warrant a refusal to act if either of them is sufficiently certified. When the election is called under one petition, any other petition for the same purpose then on file or in existence becomes *functus officio*.

 The provision of section 28½ of the Irrigation District Act (Stats. 1897, p. 254, as amended; Deering's Gen. Laws, vol. 2, Act 3854, p. 1968), which forbids the filing of a petition for a recall election at any time before the expiration of six months from the date of a prior recall election, is not infringed in any manner by this holding.

Let the peremptory writ of mandate as prayed issue forthwith.

Petitioner to have his costs.

Curtis, J., Seawell, J., Langdon, J., Waste, C. J., and Thompson, J., concurred.