[Crim. No. 1818.   First Appellate District, Division Two.—November 13, 1934.]

THE PEOPLE, Respondent, v. CLIFFORD VOSS, Appellant.

Victor Wells for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of a felony. He made a motion for a new trial, the motion was denied, and he has appealed from the judgment and from the order denying him a new trial.

The charging part of the information was as follows: "The said Clifford Voss, having been heretofore, to-wit: on or about the 5th day of May, 1926, convicted in the United States District Court .for the Northern District of California, of the crime of felony, towit: Violation of Section 37 of the Criminal Code of the United States (Conspiracy to violate Section 141 of the Criminal Code of the United States), that the said judgment upon said conviction was pronounced, rendered, given and made on the said 5th day of May 1926, and bears last mentioned date, and has never been reversed, annulled, or set aside; that thereafter, towit: on or about the 22d day of March 1934, in the said City and County of San Francisco, State of California, the said Clifford Voss, did then and there wilfully, unlawfully and feloniously . possess and carry concealed

upon his person, a certain firearm, towit: a pistol, less than twelve inches in length, and then and there capable of being concealed upon the person; . . . ''

The charge was based on section 2 of chapter 1098 of the Statutes of 1931. From that section we quote as follows: ''On and after the date upon which this act takes effect, no person not a citizen of the United States of America and no person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state or any other government or county, or who is addicted to the use of any narcotic drug or drugs shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person. The terms 'pistol', 'revolver', and 'firearms capable of being concealed upon the person' as used in this act shall be construed to apply to and include all firearms having a barrel less than twelve inches in length.''

■ The first point made by the defendant is that the prior conviction was a misdemeanor and not a felony. As the federal statutes stood before the amendments of 1909 that contention should be sustained. (*Berkowitz* v. *United States*, 93 Fed. 452.) However, in 1909 the federal statutes were amended to take effect in 1910, and since the amendments took effect the prior offense alleged in the information before us was a felony. (Sec. 335 of the Criminal Code, 18 U. S. C. A. 541; *Waldeck* v. *United States*, 2 Fed. (2d) 243.)

■ In his next point the defendant complains because the district attorney in presenting his case attempted to read the judgment roll in the action in which the prior conviction was had. In this connection the defendant claims that the judgment only should have been read. We think no error is shown by the record. The prosecution was bound to prove the judgment which it had alleged. There were two possible methods. The general rule is that the judgment roll be produced. (15 Cal. Jur. 288.) When it contains sufficient recitals the judgment only of a court of general jurisdiction will be received. (*Hibernia Sav. & Loan Soc.* v. *Boyd*, 155 Cal. 193 [100 Pac. 239].) To make its proof the prosecution called Mr. Colbreath, a deputy clerk of the court in which the conviction was had.

He produced the original papers. Having done so, the prosecution was not bound at its peril to determine whether the judgment as framed came within the doctrine stated in *Hibernia Sav. & Loan. Soc.* v. *Boyd, supra,* but it was entitled to proceed under the general rule. The defendant did not offer to stipulate to any set of facts, but stood on his rights and remained silent until about half of the record had been read. He then objected. His objection was properly overruled. Later he made a motion to strike out all except the judgment itself. The motion was granted. The ruling was more favorable to the defendant than the record justified.

██ The defendant contends that the evidence adduced upon the trial of said cause was insufficient to justify the verdict of the jury. He bases this statement upon the fact that the information alleged " . . . did then and there wilfully, unlawfully, and feloniously possess and carry concealed upon his person, a certain firearm . . . ". He then points to the evidence that the firearm was in the closet in the defendant's house, but there was no evidence that he carried it concealed. Turning back to the statute which we have quoted it will be noticed that the statute is in the disjunctive and that it prohibits certain classes to " . . . have in his possession or under his custody or control any pistol", etc. There was evidence that the defendant had the pistol in his possession, in his custody, and under his control. Having it concealed upon his person was not a call of the statute.

██ The third point made by the defendant we will take up last. He complains of misconduct on the part of the district attorney. The first assignment refers to the act of the district attorney in reading the judgment roll. As to that act we find no error and have discussed it above. He then refers to what occurred on his cross-examination. The proceedings were as follows:

"Cross-examination. Mr. Skillen: What is your name? A. Clifford Voss. Q. Did you ever go by the name of William Barlow? Mr. Wells: That will be objected to, your Honor, it makes no difference how many names he went by; this charge is possession. The Court: The objection is overruled."

At the time of the arrest the defendant and a woman were riding in an automobile. The woman gave the name of Gladys Gibson. The defendant gave his name as Jack Wilson. Further on in the cross-examination of the defendant the following proceedings were had:

"Q. What is the lady's name? A. Gladys Gibson. Q. Her name, as a matter of fact, was Berta, wasn't it? Mr. Wells: Well, of course, that will be objected to as calling for the conclusion of the witness. The Court: The objection is overruled."

As the defendant contends, we think both rulings were erroneous. However, we are equally clear that neither ruling under the facts of the instant case could have been prejudicial to the defendant. The prosecution was called upon to prove two major facts: (1) That on the fifth day of May, 1926, the defendant was convicted of a felony; and (2) that on the twentieth day of April, 1934, he had in his possession a pistol less than twelve inches in length capable of being concealed upon the person. Both facts were clearly proved beyond debate. It is difficult to see how the jury could have brought in any other or different verdict. It is manifest that the errors just recited added nothing whatever to the case of the prosecution. The defendant cites and relies on *People* v. *Fleming*, 166 Cal. 357 [136 Pac. 291, Ann. Cas. 1915B, 881]. It is not helpful. In that case the charge was murder. In deciding the cause the court took thirteen pages in delineating the case as made by the prosecution. Then on page 370 the court said: "We have not set forth the foregoing in regard to the evidence for the purpose of establishing that it is not technically sufficient to support a verdict of guilty, for under our well-established rule such a conclusion cannot be reached by an appellate court. . . . It is the 'opinion' of the court based upon a full consideration of the particular record that is to control upon the question whether the error complained of has resulted in a miscarriage of justice." In that particular case it was the theory of the prosecution that Fleming slugged the deceased in such a manner that he died from the effects thereof. When the defendant was on the stand as a witness in his own behalf, on cross-examination he was asked and compelled to answer whether at one time he was called Bob Emmett

and during that time he was a prize-fighter. Without going further, we think it is clear that the case is not applicable in favor of this defendant.

We find no prejudicial error in the record. The judgment and order are affirmed.

Nourse, P. J., and Spence, J., concurred.