[Civ. No. 5440.   Third Appellate District.—December 20, 1935.]

CLINTON A. BURROWS, Respondent, v. LIDA B. BURROWS, Appellant.

Mark F. Jones and W. L. Engelhardt for Appellant.

Pease, Dolley & Elson for Respondent.

JAMISON, J., *pro tem.*—This is an action to quiet title to certain real estate. Plaintiff based his title upon a judgment in a divorce action theretofore had between the parties to this action. Plaintiff recovered judgment, and from this judgment defendant appeals.

Respondent introduced in evidence the judgment roll in the divorce action and rested. Defendant then introduced two deeds conveying the land in controversy to the respondent and appellant as joint tenants.

Appellant contends that the attempted service of summons in the divorce action was defective and void, and this contention is admitted by respondent.

Respondent maintains that the defect in the service of the summons was cured by the general appearance of defendant in the divorce action, and in support thereof he cites the motion of defendant to strike out and vacate portions of the interlocutory decree of divorce and the appeal from the order made upon such motion, the appeal from the interlocutory decree and the appeal from the order denying the motion to annul and vacate the order declaring void the order for the publication of the summons. These appeals were dismissed by the Supreme Court.

It is the well-settled rule that if a party defendant raises any question other than that of jurisdiction or asks for any relief which can only be granted upon the hypothesis that

the court has jurisdiction of his person, his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons. (*Security Loan & Trust Co.* v. *Boston & South Riverside Fruit Co.*, 126 Cal. 418 [58 Pac. 941, 59 Pac. 296] ; *Olcese* v. *Justice's Court*, 156 Cal. 82 [103 Pac. 317].)

If a party defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all other purposes except to make that objection. (*Taylor* v. *Superior Court*, 93 Cal. App. 445 [269 Pac. 727].)

Inasmuch as the defendant, in the divorce case, incorporated in her motion to strike out and vacate portions of the interlocutory decree several matters in addition to the question of the jurisdiction of the court over the person of the defendant, we are of the opinion that she thereby entered her general appearance in the said action.

The court therefore having acquired jurisdiction of the subject-matter and of the person of the defendant in the divorce action, it cannot be said that its judgment was void, and not being void it is not subject to collateral attack. (*Hamblin* v. *Superior Court*, 195 Cal. 364 [233 Pac. 337, 43 A. L. R. 1509] ; *Seaboard National Bank* v. *Ackerman*, 16 Cal. App. 55 [116 Pac. 91] ; *Gates* v. *Gates*, 54 Cal. App. 407 [202 Pac. 151].)

Appellant contends that one-half of the land in controversy is her separate property and therefore the court erred in awarding it to respondent. Though the land was purchased with community funds, yet when it was conveyed to them as joint tenants one-half of it became the separate property of the appellant. (*Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003].)

It is a well-established rule that a judgment of a court of record cannot be collaterally assailed unless it is void upon its face. (*Hamblin* v. *Superior Court, supra; Seaboard National Bank* v. *Ackerman, supra*.) And upon collateral attack the judgment roll alone can be considered. (*Wendt* v. *Gates*, 102 Cal. App. 342 [283 Pac. 312].)

There is no reference whatever in the judgment or in the judgment roll to the joint tenancy or to the fact that the

appellant is the owner of a half interest in the land in controversy.

A party making a collateral attack upon a judgment or order must show by the record that the court did not have jurisdiction, and the action of the trial court cannot be impeached by any matter outside of the record. (*Galvin* v. *Palmer*, 134 Cal. 426 [66 Pac. 572].)

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.