### In re IMPERIAL IRR. DIST.

### SOUTHERN SIERRAS POWER CO. v. IMPERIAL IRR. DIST.

#### No. 7970.

Circuit Court of Appeals, Ninth Circuit.

Dec. 31, 1936.

For original decree, see 85 F.(2d) 1019.

Hickcox & Trude, of El Centro, Cal., Henry W. Coil and D. L. King, both of Riverside, Cal., W. Coburn Cook, of Turlock, Cal., A. Heber Winder, of Riverside, Cal., and Clark, Nichols & Eltse, of Berkeley, Cal., for appellants.

Harry W. Horton and Geo. R. Kirk, both of El Centro, Cal., for appellees.

Orrick, Palmer & Dahlquist, of San Francisco, Cal., for Bondholders Protective Commission.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

The petitioner for rehearing seeks opportunity to present the argument that the Imperial Irrigation District is not a "political subdivision" of the State of California and cites and relies upon Wood v. Imperial Irrigation District, 216 Cal. 748, at page 753, 17 P.(2d) 128, 130, where the court states in the course of its reasoning to its decision that "an irrigation district is not a political subdivision of the state or county, or a political subsidiary at all." Compare with the later case of Box v. Young, 219 Cal. 243, 26 P.(2d) 290.

If the contention of the petitioner for rehearing is correct and the Imperial Irrigation District is not a political subdivision, it is not entitled to the remedy afforded by the statute invoked in its petition below. That petition invokes the District Court only for "the benefits and provisions of the amendment to the Act of Congress approved July 1, 1898 (and amendments and supplements thereto), approved May 24, 1934 (H.R. 5950) and designated as Chapter 9 of said Act, and in support of said petition states as follows:"

Chapter 9 provides only for "political subdivisions." It is set forth in 11 U.S.C. A. § 303, as follows:

"§ 303. Municipal-debt readjustments

"(a) *Petition for debt readjustment; municipalities authorized to file;* acceptance of creditors; schedule of claims. Any municipality or other *political subdivision* of any State, *including (but not hereby limiting the generality of the foregoing)* any county, city, borough, village, parish, town, or township, unincorporated tax or special assessment district, and any school, drainage, *irrigation,* reclamation, levee, sewer, or paving, sanitary, port, improvement, or other districts (hereinafter referred to as a 'taxing district'), may file a petition stating that the taxing district is insolvent or unable to meet its debts as they mature, and that it desires to effect a plan of readjustment of its debts. The petition shall be filed with the court in whose territorial jurisdiction the taxing district or the major part thereof is located and for any such district having no officials of its own the petition shall be filed by the *municipality* or *political subdivision,* the officials ˚of which have power to contract on behalf of said district or to levy the special assessments within such district." (Italics supplied.)

If the Imperial Irrigation District is a political subdivision, it is not entitled to relief, since the case of Ashton v. Cameron County Dist., 298 U.S. 513, 56 S.Ct. 892, 80 L.Ed. 1309, declares the provisions of chapter 9 of the act to be unconstitutional. If the irrigation district be not a political subdivision, chapter 9 affords it no remedy.