[Crim. No. 2909.   First Dist., Div. One.   Nov. 5, 1953.]

THE PEOPLE, Respondent, v. SILVIO DOMENICO, Appellant.

Alfred J. Hennessy for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Charles E. McClung, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Defendant was tried upon an indictment* which charged, in Count I, burglary (violation of Pen. Code, § 459) with intent to commit theft and armed with a deadly weapon at the time, and, in Count II, violation of the Dangerous Weapons Control Law of 1923 (1 Deering's Gen. Laws, Act 1970, § 2), possession of a firearm capable of being concealed upon the person, defendant having theretofore been convicted of a felony (grand theft) by the Court of General Sessions, County of New York, State of New York.

Following these two counts, the indictment alleged, as a "prior conviction," said New York grand theft conviction and that he served a term of imprisonment therefor in the state prison in New York.

Defendant was convicted on Count II. The jury disagreed on Count I, which count was later dismissed without retrial.

_____
*He was at the same time tried and acquitted upon an information which charged a violation of section 11500 of the Health and Safety Code.

He has appealed from the judgment rendered on Count II and from the order denying his motion for new trial.

The evidence shows that defendant had previously been convicted of a felony under the laws of New York; grand larceny in the second degree, punishable by imprisonment in the state prison under the laws of that state.

But the evidence does not show that the offense which he committed in New York would be punishable as a felony if committed in California. The New York law defined grand larceny in the second degree as including the taking of property of the value of more than $100 but not exceeding $500 (N.Y. Pen. Code, § 1296; McKinney's Consol. Laws of New York) punishable by imprisonment for a term not exceeding five years in the state prison of that state (N.Y. Pen. Code, §§ 1297 and 2183).

The California statute, insofar as the value of the property taken is concerned, characterizes the offense as a felony only when the property is of a value exceeding $200 (Pen. Code, § 487) and there is in the record before us no proof of the circumstances of the commission of the offense; e.g., whether the property was taken from the person of another or whether it was an automobile, horse, bovine animal or other thing to which the $200 limit does not apply under our statute.

Defendant contends that there was a failure of proof (1) because it does not appear that the offense committed in New York would be a felony if committed in California, and (2) because the record of the New York conviction, admitted in evidence here, was not properly authenticated.*

■ (1) *Does section 2 of 1 Deering's Gen. Laws, Act 1970 require, as to prior conviction of a felony in another state, that the offense be punishable as a felony if committed in this state? No.*

The statute declares that ". . . no person who has been convicted of a felony under the laws of the United States, of the state of California, or any other state or any other government or country . . . shall own or have in his possession or under his custody or control any pistol, revolver or

---

*Defendant also suggests that error occurred in the offer and reception of proof of the New York conviction, he having admitted the prior conviction when arraigned upon the indictment in the instant case. (See the last sentence of Pen. Code, § 1025.)

This point lacks merit because the prior conviction of a felony was also an element or ingredient of the offense charged in Count II, requiring proof by the state under the issue joined by defendant's plea of "Not guilty."

other firearm capable of being concealed upon his person."
(1 Deering's Gen. Laws, Act 1970, § 2; Stats. 1923, ch. 339,
p. 696, as amended by Stats. 1931, ch. 1098, p. 2316; codified
without substantial change, as Pen. Code, § 12021, by Stats.
1953, ch. 36, p. 653, at p. 654.)

Literally, the expression "convicted of a felony under the
laws of . . . any other state" means "felony" as defined
by the laws of that state; in this case the laws of the State
of New York.

That the literal meaning of the language used in section 2
of Act 1970 is the intended meaning seems quite clear from
a reading of the section in its original form and as amended
in 1931, using italics to indicate words added and strike-out
type to indicate words deleted by the 1931 amendment:
". . . no person who has been convicted of a felony against
the person or property of another or against *under* the govern-
ment *laws* of the United States or, of the State of California
or of any political subdivision thereof, *or any other state or
any other government or country* . . . shall own or have in
his possession or under his custody or control any . . . fire-
arm capable of being concealed upon the person." (Stats.
1923, p. 696; amended by Stats. 1931, ch. 1098, p. 2316.)

In *People* v. *Camperlingo* (1924), 69 Cal.App. 466, 469-470
[231 P. 601], the court, construing the original statute (§ 2
of Deering Act 1970), assumed that "felony against the
person or property of another" meant "felony" under the
laws of the state where committed and that section 17 of
our Penal Code furnished the test or definition of felony
elsewhere, imprisonment in a state prison. No holding or
suggestion was made that the foreign offense must be such
as would be punishable by imprisonment in a state prison
if committed in this state. The 1931 amendment ("under
the laws of . . . any other state") would seem emphatically
to negative the possibility of any such holding or suggestion
now.

In *People* v. *Voss* (1934), 2 Cal.App.2d 188, 189-190 [37
P.2d 846], the substantive offense, violation of section 2 of
Act 1970, occurred in 1934. The prior offense occurred in
1926, violation of section 37 of the Criminal Code of the
United States, conspiracy to violate section 141 of that code.
Defendant contended the prior was a misdemeanor. The court
held it was a felony, because Congress had amended the
statute in 1910, changing it from a misdemeanor to a felony.

There was no discussion or mention of the question whether it would have been a felony under the laws of this state.

We see no basis for reading into the statute a requirement that the prior conviction of a felony in another state must be for an offense which would be punishable as a felony under the laws of this state if committed here.

▮ Defendant, in support of his contention, cites a number of decisions* which construed and applied our habitual criminal statute, section 644 of the Penal Code as implemented by section 668 of that code. Section 644 requires augmentation of the penalty if the defendant was previously twice or thrice convicted of any of certain specified crimes and served a term therefor in any state prison or federal penitentiary "in this State or elsewhere." Section 668 expressly defines such a crime committed outside the jurisdiction of this state as "an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison." Section 668, obviously, bears no similarity to section 2 of Act 1970 in this respect. Decisions interpreting section 668 are not determinative of the meaning of section 2.

One of defendant's cases (*In re Rogers,* 20 Cal.App.2d 397 [66 P.2d 1237]) did involve section 2 of Deering Act 1970, but the question now before us was not presented for consideration. The petitioner in the Rogers case had been convicted of violating said section 2. He was also found guilty of three prior convictions of felonies and, pursuant to section 644 of the Penal Code, was sentenced to state prison for life without benefit of parole. He contended that violation of section 2 was only a misdemeanor and that none of the prior convictions charged and proved as an element of that offense could also be used as a basis for augmenting his sentence under section 644. The court held against him as to both of these contentions. There was no discussion of the requirements of proof of an out-of-state conviction nor any indication that any of the prior convictions occurred outside of California. The Rogers case, obviously, bears no similarity to our case. In our case the prior New York conviction was not used as a basis for augmenting defendant's sentence and the state makes no claim that his New York

---

*In re McVickers,* 29 Cal.2d 264 [176 P.2d 40]; *In re Bramble,* 31 Cal.2d 43, 52 [187 P.2d 411]; *In re Wolfson,* 30 Cal.2d 20 [180 P.2d 326]; *In re Kingsbury,* 74 Cal.App.2d 959 [170 P.2d 82]; *In re Taylor,* 64 Cal.App.2d 47 [148 P.2d 143]; *People* v. *Morrison,* 26 Cal.App.2d 616 [80 P.2d 94]; and *People* v. *Hayes,* 3 Cal.App.2d 59 [39 P.2d 213].

conviction meets the requirements of our habitual criminal law.

■ Accordingly, we conclude that defendant's conviction of grand larceny of the second degree and his imprisonment therefor in a state prison in New York pursuant to the laws of that state, characterized him as a "person who has been convicted of a felony under the laws of . . . any other state" as that expression is used in section 2 of Deering Act 1970.

■ (2) *Was the New York record of defendant's conviction of a felony under the laws of that state properly certified and authenticated? Yes.*

Proof of defendant's New York conviction and imprisonment was made by means of a series of certificates: (1) a certificate by W. L. Denno, Warden of Sing Sing Prison, setting forth a copy of the New York judgment and sentence, and photographs and fingerprints of Silvio Domenico, and stating that they are true copies of the original commitment, photographs and fingerprints on file in his office as legal custodian thereof and that Domenico served a term of imprisonment in said prison; (2) attached to Domenico's certificate, a certificate with the departmental seal affixed, by William E. Leonard, deputy commissioner of the New York Department of Correction, that Wilfred L. Denno was warden of Sing Sing Prison, duly authorized to grant the certificate which Denno made, and that the signature attached to the Denno certificate is that of said Warden Denno; and (3) attached to Leonard's certificate, the certificate of the secretary of state of New York that Leonard held the office indicated and was duly authorized to grant the certificate Leonard made, that said certificate is in due form and executed by the proper officer, that the seal thereto affixed is the seal of the Department of Correction of the State of New York, that Leonard's signature is in his proper handwriting and is genuine, and that full faith and credit may and ought to be given to his official acts; affixed to the secretary of state's certificate is the great seal of the State of New York.

Defendant claims the New York judgment should have been attested by the clerk and authenticated by the chief judge of the New York Court as provided by section 1905 of our Code of Civil Procedure for the proof of a judicial record of a sister state. That could have been done but it was not necessary.

Section 969b of our Penal Code sanctions certification by the official custodian of the New York prison records and subdivision 7 of section 1918 of our Code of Civil Procedure recognizes authentication by the secretary of state of New York. The certificates by Denno, Leonard and the secretary of state, in the instant case, meet the requirements of sections 969b and 1918.

*People* v. *Foster*, 3 Cal.App.2d 35, 41 [39 P.2d 271], is readily distinguished. There a Louisiana conviction was shown by certificates purportedly executed by the general manager and by the warden of the Louisiana state prison but there was ''no authentication of the signatures or official standing of the general manager and warden.'' (P. 42.)

The judgment and the order appealed from are affirmed.

Peters, P. J., and Bray, J., concurred.