In the Matter of the Application of JAMES MIRANDO for a Writ of Habeas Corpus.

Thomas E. Reynolds for Petitioner.

Philip B. Lynch, District Attorney, and K. I. Jones, Deputy District Attorney, for Respondent.

THOMPSON, J.—On *habeas corpus* the petitioner asserts that he is illegally restrained of his liberty because the City Court of the City of Vacaville, Solano County, was without jurisdiction to try or sentence him under the provisions of section 502 of the California Vehicle Code for the reason that he had been previously convicted of a similar offense in another inferior court, which former conviction fixed his penalty in the last case at imprisonment in the county jail "for not less than ninety days nor more than one year", and under the provisions of section 1425, subdivision 2:

"Justices' Courts of Class B shall have jurisdiction in all criminal cases amounting to misdemeanor only, punishable by fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment." Vacaville · City Court has the same jurisdiction as Justices' Courts of Class B. (See Cal. Jur. Supp., vol. 6, p. 840.)

The entire record of the city court is before us, including the docket, the commitment and the minutes of the trial of the petitioner. The complaint merely charges the accused under the provisions of section 502 of the California Vehicle Code with driving a vehicle on the public highway while he was "under the influence of intoxicating liquor". The defendant pleaded guilty, waived time for pronouncing judgment and was sentenced to imprisonment in the county jail of Solano County for a period of 30 days. The record fails to show that the petitioner was ever previously convicted of a similar offense or of any other offense. No evidence was offered on this hearing to that effect. If it be true that he was formerly convicted of a similar offense, the attention of the trial court was not called to that fact. The undisputed record discloses the fact that the City Court of the City of Vacaville had jurisdiction of the charge of which the petitioner was convicted and imprisoned.

On *habeas corpus,* where the record shows without conflict that an inferior court has jurisdiction of the person and the

cause, its judgment of conviction and commitment may not be impeached by evidence *dehors* the record. (*In re Selowsky,* 189 Cal. 331 [208 Pac. 99]; 13 Cal. Jur. 278, sec. 54; *In re Hall,* 88 Cal. App. 212 [263 Pac. 295].) In the Selowsky case, *supra,* it is said in that regard:

"The question of jurisdiction must be determined by the record in the case, and if jurisdiction is thereby shown, extrinsic evidence cannot be allowed to contradict it."

██ Moreover, no competent evidence was offered in the present case to support the allegation of the petition to the effect that the petitioner had been previously convicted of driving a vehicle on the public highway on another occasion while he was under the influence of intoxicating liquor. In proceedings on *habeas corpus,* where the pleadings in a criminal case show that the court had jurisdiction of the person and the cause of which the accused was convicted, the burden is on the petitioner to affirmatively prove the allegations of his position. (*In re Williams,* 183 Cal. 11 [190 Pac. 163]; Church on Habeas Corpus, 2d ed., 205, sec. 133.) In the authority last cited it is said in that regard:

"In the courts of the United States the general doctrine is, that 'when the imprisonment is under process, valid on its face, it will be deemed *prima facie* legal, and the prisoner must assume the burden of impeaching it by showing a want of jurisdiction in the magistrate or court whence it emanated'. If he fail in thus impeaching it, his body is to be remanded to custody."

The writ is denied and the prisoner is remanded.

Plummer, J., and Pullen, P. J., concurred.