[Crim No. 1866. Third Dist. Apr. 21, 1944.]

In re WAYNE TAYLOR, on Habeas Corpus.

48

Wayne Taylor, in pro. per., for Petitioner.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

PEEK, J.—Petitioner contends that his present confinement by the Warden of Folsom Prison is illegal in that the judgment of commitment under which he received sentence is void in part, and that the maximum term prescribed under the valid portion of the judgment has been served.

By an amended information filed in the Superior Court of Los Angeles County, on May 11, 1934, petitioner was charged with the commission of the crime of burglary, a felony, and also was charged with having suffered four prior convictions for crimes amounting to felonies.

Petitioner was found guilty by a jury of the crime of burglary in the second degree and also found guilty of having suffered two prior convictions and serving terms of imprisonment therefor. No evidence was produced in support of the allegations as to the other two prior convictions suffered, and the jury, upon advice of the court, found these prior convictions to be not true.

On June 4, 1934, the Superior Court of Los Angeles County pronounced judgment against petitioner for the crime of burglary and for the two prior convictions. The court decreed that he be punished by imprisonment in the State Prison at Folsom for the term prescribed by law, and by virtue of the provisions of section 644 of the Penal Code petitioner was adjudged to be an habitual criminal.

The petitioner has directed his attack against that portion of the amended information charging:

"That before the commission of the offense hereinabove set forth in this amended information, said defendant WAYNE TAYLOR (under the name of J. A. Farrell), was, in the Superior Court of the State of North Carolina, in and for the County of Wilson, convicted of the crime of Larceny, a fel-

ony, and the judgment of said court against said defendant, in said connection was, on or about the 7th day of February, 1931, pronounced and rendered, and said defendant served a term of imprisonment therefor in the state prison."

In this regard it is his contention that the portion of the judgment decreeing him to be an habitual criminal is void in that the basis for such an adjudication, i. e. two prior convictions, of a felony within the meaning and terms of sections 668, 487 and 644 of the California Penal Code, does not exist. In support of this contention petitioner has produced and submitted a certified copy of an indictment and judgment of Wilson County, North Carolina. He argues that as the North Carolina indictment charges him with the theft of tobacco of the value "of One Hundred Dollars" only, such prior conviction does not meet the requirements of section 644 of the Penal Code; that to adjudge a defendant an habitual criminal he must have been convicted twice previously of felonies enumerated in said section, and that under the requirements of the provisions of section 668 of the Penal Code the crime committed in such other state, in order to constitute such a felony, must be an offense, which if committed in this state, would be punishable by imprisonment in the state prison. Therefore he argues theft of tobacco in North Carolina, of the value of only $100, could not constitute grand theft (one of the crimes enumerated in section 644) under the laws of California, as section 487, subdivision 1 of the Penal Code, in defining that crime, provides:

"Grand theft is theft committed in any of the following cases:

"1. When the money, labor or real or personal property taken is of a value exceeding two hundred dollars. . . ."

In further support of his position petitioner cites the case of *People* v. *Hayes,* 3 Cal.App.2d 59 [39 P.2d 213], wherein the court held that mere proof of larceny in another state is not proof that such act would be larceny in this state.

He concludes that at the present time he has served the maximum term for second degree burglary with meritorious credits earned and allowed under the valid portion of the judgment, and that at this time, for the reasons stated, he is now serving the void portion of the judgment.

Petitioner has properly construed the law concerning the application of section 644 of the Penal Code, which sec-

tion invokes the necessary requirements in adjudging a defendant to be an habitual criminal. The theft of the tobacco in Wilson County, North Carolina, which was of the value of only $100 would not have constituted the commission of the crime of grand theft in this state and consequently could not have supported the charge contained within the information of a prior conviction of felony for the purposes of adjudging petitioner to be an habitual criminal. If nothing further was disclosed by the record before us we would feel compelled to grant the writ, but such is not the case. At the time of the hearing this court received, and now has on file, certified copies of the bills of indictment and judgments in the Superior Court of Wilson County, North Carolina in the case of *State* v. *J. A. Farrell.* These documents disclose that petitioner herein, under the name of J. A. Farrell, was, in said county and state, indicted and convicted for the theft of an automobile "of the value of four hundred dollars," on the same occasion of the indictment and conviction for the theft of tobacco "of the value of one hundred dollars." The North Carolina indictment charging the theft of the automobile as having been committed on the same day as the theft of the tobacco, reads in part as follows:

". . . That J. A. Farrell late of the County of Wilson on the 15 day of December 1930, with force and arms at and in said county aforesaid an automobile of the value of four hundred dollars of the goods, chattels and moneys of one J. P. Barbour then and these being found, unlawfully and feloniously did steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The North Carolina judgments of conviction for the theft of the automobile (No. 52) and for the theft of the tobacco (No. 53) are entered in the docket of the court as follows:

"No. 52 State vs. J. A. Farrell—Larceny—The jury heretofore empanelled in this cause having said by their verdict that defendant is guilty, it is adjudged that he be imprisoned in the penitentiary for not less than one nor more than three years.

"No. 53 State vs. J. A. Farrell—Larceny—The jury heretofore empanelled in this cause having said by their verdict that defendant is guilty, it is adjudged that he be imprisoned in the penitentiary for not less than one now more

than three years-Sentence to run concurrently with sentence in No. 52.''

The petition fails to mention the indictment and judgment of conviction for the theft of the automobile (No. 52). However, from an examination of the petition and the certified copy of the indictments and judgments of conviction we note that although the numbered designation remains the same, the docket entry relating to judgment No. 52 appears in the the petition as the entry for judgment No. 53; consequently the wording, ''Sentence to run concurrently with sentence in No. 52'' did not appear in the petition as filed. It is difficult to believe that the wording appearing in the petition was the result of inadvertence.

The theft of the automobile of the value of $400 did constitute the commission of a crime which, if prosecuted in this state, would have amounted to grand theft as defined by section 487 of the Penal Code, and as a result constitutes the commission and conviction of the crime of grand theft as enumerated in section 644 of the Penal Code.

As heretofore indicated, the information filed in the Superior Court of Los Angeles County, charging petitioner with the crime of burglary, also charged certain prior convictions for felony; among those charged is the one in question which alleged a prior conviction and the serving of sentence therefor in the state prison for *"the crime of Larceny, a felony"* (italics ours) committed in Wilson County, North Carolina.

Upon habeas corpus the well established rules relating to the presumption of the verity of a judgment apply. (13 Cal.Jur. 276.) A final judgment carries with it every intendment and presumption in support of its regularity and validity. (*In re Connor,* 16 Cal.2d 701 [108 P.2d 10].) Thus any condition of facts consistent with the validity of the judgment herein will be presumed to have existed rather than one which will defeat the judgment. (*In re Eichhoff,* 101 Cal. 600 [36 P. 11].) It therefore will be presumed that the complete record of petitioner's prior convictions in the State of North Carolina was before the trial court, and that the court in adjudging him to be an habitual criminal did so with due regard to the provisions of section 644 of the Penal Code. As petitioner has failed to maintain the burden of proof cast upon him to prove the allegations of his peti-

tion or rebut such presumptions (*In re Mirando,* 15 Cal.App. 2d 443 [59 P.2d 544]) the writ must be discharged.

The writ is discharged.

Adams, P. J., and Thompson, J., concurred.