[No. G001208. Fourth Dist., Div. Three. Nov. 30, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL LYNN SMITH, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1] Pursuant to California Rules of Court, rule 976(b), parts VI-VIII of this opinion are not published.

COUNSEL

Jerome P. Wallingford, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Pat Zaharopoulos, Maxine P. Cutler and David I. Friedenberg, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SONENSHINE, Acting P. J.—Michael Lynn Smith was convicted by jury of three counts of burglary. (Pen. Code, § 459.)[2] The jury also found Smith suffered four prior serious felony convictions for "burglary of a residence," each calling for a five-year enhancement pursuant to section 667. He contends three prior felony enhancements were improperly imposed. We affirm.

---

[2] All statutory references are to the Penal Code unless otherwise specified.

The facts need not be recounted in detail. On March 31, 1983, Smith burglarized a family residence. A second home was burglarized twice on April 6, 1983. At trial Smith admitted the March 31st burglary and one of the April 6th burglaries. The jury found Smith guilty of two counts of first degree residential burglary and one count of second degree burglary.[3]

At the trial on the enhancements for prior burglaries the following evidence was produced:

### THE AUGUST 16, 1967, PRIOR

Smith pleaded guilty to second degree burglary; both the complaint and information alleged it was residential. On the *Tahl* form[4] Smith admitted he entered the residence "with intent to commit theft."

### THE NOVEMBER 13, 1978, PRIOR

Smith pleaded guilty to second degree burglary. The information alleged the burglary was residential; on the *Tahl* form Smith again admitted he entered a residence with intent to commit theft.

### THE FEBRUARY 13, 1979, PRIOR

Smith pleaded guilty to one count of second degree burglary alleged in the information to be residential. On the *Tahl* form Smith specifically admitted entering a residence with the intent to commit larceny, an admission he repeated at the sentencing hearing.

Following trial on the 1983 burglaries Smith was sentenced to four years on one count; a consecutive term of one year and four months on the second burglary; three consecutive five-year terms for three residential burglary enhancements, and one concurrent five-year term for the remaining enhancement. The total sentence was 20 years and 4 months.

I

In our opinion filed April 28, 1987, we affirmed Smith's conviction. We reversed the judgment imposing the enhancements, however, under the compulsion of *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154]. A serious felony enhancement may only be imposed for convic-

---

[3] Smith's motion for new trial was granted on the second degree burglary. That count was later dismissed.

[4] *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

tions under sections 667 and 1192.7, subdivision (c). *Alfaro* limited proof the felony was within that category to the abstract of judgment and "matters necessarily adjudicated therein." (42 Cal.3d at p. 636.) Consequently, we invalidated the findings Smith's prior convictions were serious felonies because the jury considered matters outside the judgment itself.

Subsequently, the California Supreme Court accepted this matter for review and on April 21, 1988, transferred it to this court for reconsideration in light of *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150].

In *Guerrero,* our Supreme Court concluded a trier of fact is not limited to the abstract of judgment but may look to the entire record of conviction to determine whether the previous conviction involved burglary of a residence. The *Guerrero* court, however, did not resolve "such questions as what items in the record of conviction are admissible and for what purpose or whether on the peculiar facts of an individual case the application of the rule set forth herein might violate the constitutional rights of a criminal defendant." (44 Cal.3d at p. 356, fn. 1.) In his supplemental brief, Smith now raises these issues in an attempt to constrict the application of *Guerrero*.

## II

■ Smith contends that under *Guerrero* the trier of fact may consider only those items in the record of conviction that reveal the essential facts making the defendant's prior guilt res judicata. He claims his own admissions of residential burglaries were not essential to the judgment; second degree burglary did not then require proof the burglary was "of a residence." Accordingly, Smith's prior admissions were mere surplusage because " 'the prosecution had no need to prove, defendant no incentive to contest, and the trier of fact no duty to decide.' " (*People* v. *Guerrero, supra,* 44 Cal.3d 343, 359, dis. opn. of Broussard, J.) On the same basis, he also challenges use of the charging documents to prove the prior convictions.

Smith's argument is based on the holding of *In re McVickers* (1946) 29 Cal.2d 264 [176 P.2d 40], cited by the *Guerrero* court as authority for the "entire record of conviction" rule. In *McVickers,* the defendant contested a habitual criminal enhancement by attacking his prior convictions, including a federal conviction for forgery of postal money orders. The federal statute prohibited a series of activities, only some of which were felonies under California law. *McVickers* approved resort to the record of conviction to determine which section of the multi-offense statute was violated. (*In re McVickers, supra,* 29 Cal.2d at pp. 280-281.)

*McVickers* relied on *In re Taylor* (1944) 64 Cal.App.2d 47 [148 P.2d 143], where the defendant was convicted in North Carolina of two larceny counts, only one of which qualified as a felony in California. *Taylor* held the trier of fact could examine the record of conviction to determine whether one of the charges contained elements amounting to a felony in California. Based on these cases, Smith argues the trier of fact may only review the record of conviction for the essential fact of "which count of a multi-count prosecution, or which paragraph of a multi-offense statute was involved in the allegation of the prior conviction." As a corollary, he claims facts not essential to the judgment are mere surplusage and cannot be considered.[5]

Smith's strained analysis of *Guerrero* is not persuasive. In *Guerrero's* preface to the discussion of *McVickers* and its progeny, culminating with *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381], the court stated: "The question before us is whether *Finley* and its predecessors do in fact support the *Alfaro* holding. As will appear, the answer is negative." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 348.) The court did not intend to confine its holding to the facts of *McVickers*; it merely reasoned that precedent failed to support *Alfaro's* conclusion proof of a prior conviction is limited to only those matters established by the judgment of conviction.

Moreover, Smith's analysis ignores the Supreme Court's distinction between a prior felony conviction and the enhancement under section 1192.7 for "burglary of a residence"; the court said the latter term refers to *conduct,* not a specific *crime.* (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355.) *Guerrero's* reliance on *In re Seeley* (1946) 29 Cal.2d 294 [176 P.2d 24] aptly demonstrates this principle. There, the defendant had been convicted in Oregon of "larceny in a building." Viewed in the abstract the Oregon statute might—but need not—encompass a burglary, since larceny in a building could be committed by a person who formed the intent to steal post-entry. To decide whether the defendant had indeed committed a burglary in Oregon, the California Supreme Court in *Seeley* examined reports in the Oregon record that showed "the entry of the building involved had not been with an intent to steal or commit a felony." (*Id.,* at p. 301.) Thus, although the evidence considered by the court in the record of conviction was not essential to the Oregon conviction, it disclosed the defendant's conduct fell outside the California burglary statute.

In sum, the trier of fact may consider facts established within the record of conviction, even if those facts were not essential to the judgment.[6]

---

[5] Smith concedes his interpretation would render the *Guerrero* decision virtually useless in analyzing the treatment of prior convictions by trial courts since few cases will mimic the facts of *McVickers* and *Taylor.*

[6] Of course, the prosecution is not permitted to relitigate the circumstances of a past offense by introducing evidence outside the record. (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355.)

Accordingly, the charging documents from Smith's prior convictions and his personal admissions in the *Tahl* forms may be admitted into evidence to prove Smith's prior burglaries were residential.

## III

Smith contends the accusatory pleadings,[7] *Tahl* forms, and transcript of the sentencing hearing should not be considered part of the record of conviction. We disagree.

The *Guerrero* court did not state what items constitute the record of conviction. But we have no difficulty determining that charging allegations, *Tahl* forms and transcripts of the sentencing are included in any definition of "record of conviction."[8] *Guerrero* itself concluded the trial court acted properly in examining records that "included an accusatory pleading charging a residential burglary and defendant's plea of guilty or nolo contendere." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 345.) Moreover, subsequent Court of Appeal decisions have validated the use of similar evidence, as well as the defendant's personal admission the burglary was residential. (See *People* v. *Vasquez* (1988) 204 Cal.App.3d 1531 [252 Cal.Rptr. 331]; *People* v. *Carr* (1988) 204 Cal.App.3d 774, 778 [251 Cal.Rptr. 458]; *People* v. *Batista* (1988) 201 Cal.App.3d 1288, 1294 [248 Cal.Rptr. 46];[9] *People* v. *Colbert* (1988) 198 Cal.App.3d 924, 930 [244 Cal.Rptr. 98].)

## IV

During each of his prior convictions Smith offered the trial court a recitation of facts supporting his guilty plea: He admitted burglarizing a residence. Smith now contends this *Tahl* form factual basis is inherently unreliable because it was not constitutionally required and the reliability of a defendant's admission goes unchecked. We again disagree.

The reliability of Smith's *Tahl* form admissions is undiminished by the lack of constitutional compulsion. Other factors insure reliability. The trial

---

[7] Although hearsay, the charging allegations are admissible to explain Smith's admissions in the *Tahl* forms. (*People* v. *Richards* (1976) 17 Cal.3d 614, 618 [131 Cal.Rptr. 537, 552 P.2d 97]; see also 1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 686.)

[8] The question of precisely which items in the record of conviction are *admissible* appears to be a different issue from what items actually *constitute* the record of conviction.

[9] The *Batista* court interpreted *Guerrero* to permit the trial court "to go behind the record of conviction in deciding that defendant's prior conviction was for residential burglary." (*People* v. *Batista, supra,* 201 Cal.App.3d at p. 1294.) We think *Batista* erred by speaking of going behind the record of conviction; *Alfaro* limited the record of conviction to the record of judgment, but *Guerrero* clearly does not. Under *Guerrero* the record of conviction *includes* accusatory pleadings and the defendant's guilty plea.

court must make an on-the-record inquiry as to the factual basis for the plea (*People* v. *Tigner* (1982) 133 Cal.App.3d 430, 435 [184 Cal.Rptr. 61]), as was done in all three prior convictions. Moreover, Smith signed the *Tahl* forms under penalty of perjury, stating he understood the charges against him and the change of plea form. The records containing Smith's declarations against penal interest, on their face, disclose nothing *inherently* unreliable.

## V

Even if the guilty pleas' factual bases were properly admitted to prove the prior convictions, Smith contends they did not establish the requisite "inhabited dwelling" component of residential burglary. (See *People* v. *Lewis* (1969) 274 Cal.App.2d 912, 921 [79 Cal.Rptr. 650].) He argues mere use of the word "residence" in the factual portion of the *Tahl* forms failed to prove the dwellings were inhabited but referred only to the purpose for which each structure was built.[10]

Smith's argument affects the weight of the evidence, not its admissibility. The jury could reasonably conclude Smith used the term "residence" in its most commonly accepted meaning, that of an inhabited dwelling. The charging documents for the crimes to which Smith pleaded guilty support this inference. The 1978 prior alleges the residence was "*occupied* by Laurie and Janet Jazwiec"; the 1979 prior alleges the residence was "*occupied* by Louie Knight." Moreover, Smith was not barred from presenting evidence the burglaries were not residential; his motive to do so was strong, particularly since his trial occurred pre-*Alfaro*. In sum, sufficient evidence supports the verdict Smith suffered the prior convictions for residential burglary.

## VI-VIII*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[10] The factual bases on the three *Tahl* forms are as follows: 1976 PRIOR: "On May 12, 1976 in Orange County I unlawfully enter [*sic*] a residence at 8541 Tamarack, Buena Park with intent to commit theft."

1978 PRIOR: "On 7-23-78, I entered a residence at 1071 Napa, Tustin, Orange Co., with the intent to commit theft."

1979 PRIOR: "On Jan. 12, 1979, in Orange County, I did enter a residence at 443 South Hastings, Fullerton, during the daytime without permission and with intent to commit larceny inside the residence."

* See footnote 1, *ante*, page 340.

Judgment affirmed.

Crosby, J., and Wallin, J., concurred.

A petition for a rehearing was denied December 15, 1988, and appellant's petition for review by the Supreme Court was denied March 16, 1989.