Filed 11/12/15  P. v. Moreno CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO MORENO,<br><br>    Defendant and Appellant. | H041189<br>(Monterey County<br>Super. Ct. No. SS111435A) |

In October 2012, defendant Fernando Moreno pleaded guilty to possession of a weapon by a prisoner (Pen. Code, § 4502, subd. (a))[1] and admitted two or more prior strike convictions for robbery (§ 1170.12, subd. (c)(2)).  Moreno was sentenced under the Three Strikes law to an indeterminate term of 25 years to life, consecutive to any other term he was presently serving.

In 2014, Moreno petitioned for resentencing under the Three Strikes Reform Act of 2012 (Reform Act), passed by the voters as Proposition 36.  The trial court denied the petition without a hearing, concluding Moreno was ineligible for resentencing because he was "armed with a . . . deadly weapon" during the commission of the current offense.

On appeal, Moreno argues the trial court improperly relied on evidence outside the record of conviction in concluding he was armed with a weapon, rather than merely possessing a weapon without lawful purpose.  He also contends he should have been found eligible for resentencing because:  (1) the arming factor was not pleaded and

---

[1] Unspecified statutory references are to the Penal Code.

proved at the time of his conviction, and (2) there was no "tethering" offense to which the arming factor applied.

We find the trial court improperly relied on evidence outside the record of conviction and will reverse the order denying Moreno's petition for resentencing. We reject his other arguments.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Recitation of facts*[2]

"Defense counsel stipulated that on January 30, 2011, 'Mr. Moreno, while housed in a California penal institution, was in possession of a sharp instrument and without lawful purpose.' On October 10, 2012, Moreno pleaded guilty to possession of a weapon by a prisoner and admitted having two or more prior serious and/or violent felony convictions. The trial court imposed a sentence of 25 years to life pursuant to section 1170.12, subdivision (c)(2), the Three Strikes law."

### B. *Moreno's petition for resentencing under the Reform Act*

On April 8, 2014, Moreno, through the public defender's office, filed a petition for recall of sentence under section 1170.126. The trial court denied the petition by written order dated June 16, 2014, finding Moreno ineligible for resentencing because it concluded he was "armed with a deadly weapon" within the meaning of section 1170.126, subdivision (e)(2). The trial court based this conclusion on "[t]he People's opposition to defense counsel's request to strike a prior strike [which] further explain[ed] that correctional officers found a 5-inch sharpened instrument tied to [Moreno's] boxer shorts during an unclothed body search following a riot." The trial court noted that if it determined Moreno was eligible for resentencing, it would be

---

[2] We recite the facts of Moreno's underlying conviction from our opinion in his prior appeal, *People v. Moreno* (Dec. 16, 2013, H039087 [nonpub. opn.]), and from the record in that appeal, of which we take judicial notice. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

entitled to consider information outside the record of conviction in deciding, in its discretion, whether resentencing Moreno would be an unreasonable risk of danger to public safety, citing section 1170.126, subdivision (g). Accordingly, it concluded there was no reason it could not "initially review the very same information that will be reviewable at a dangerousness hearing" in deciding Moreno's eligibility for resentencing.

This appeal followed.

## II.    DISCUSSION

### A.    *The Three Strikes Reform Act*

In the November 6, 2012 election, California voters approved Proposition 36, the so-called Three Strikes Reform Act of 2012. Prior to the passage of Proposition 36, the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) required that a defendant convicted of two prior serious or violent felonies be subject to a sentence of 25 years to life upon conviction of a third felony. As amended by the Reform Act, section 1170.12, subdivision (c)(2)(C), and section 667, subdivision (e)(2)(C), now mandate that a defendant with two or more strikes who is convicted of a felony that is neither serious nor violent be sentenced as a second strike offender unless "the prosecution pleads and proves" one or more disqualifying factors.

The Reform Act also added section 1170.126, which allows eligible inmates who are currently subject to 25-years-to-life sentences under the Three Strikes law to petition the court for resentencing. "Section 1170.126, subdivisions (a) and (b), broadly describe who is eligible to file a petition and to be resentenced. Subdivision (a) of section 1170.126 states: 'The resentencing provisions under this section and related statutes *are intended to apply exclusively* to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, *whose sentence under this act would not have been an indeterminate life sentence*.' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598 (*Teal*).) "Subdivision (b) of section 1170.126 states: 'Any person

3

serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies *that are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, *may file a petition for a recall of sentence. . . .*' " (*Id*. at p. 599.)

Subdivision (e) of section 1170.126 addresses eligibility more specifically. It provides that an inmate is "eligible for resentencing" if (1) he or she is "serving an indeterminate term of life imprisonment" imposed under the Three Strikes law "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies" and (2) his or her current and prior convictions are not for certain designated offenses. (§ 1170.126, subd. (e)(1); *Teal*, *supra*, 60 Cal.4th at p. 600.) An eligible prisoner "shall be resentenced" as a second strike offender unless the court determines that resentencing him or her "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

"[E]ligibility is *not* a question of fact that requires the resolution of disputed issues. The *facts* are limited to the record of conviction underlying a defendant's commitment offense; the statute neither contemplates an evidentiary hearing to establish these facts, *nor any other procedure for receiving new evidence beyond the record of conviction*. [Citation.] What the trial court decides is a question of *law*: whether the facts in the record of conviction are the proper subject of consideration, and whether they establish eligibility." (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7, third set of italics added (*Oehmigen*).)

> B. *The trial court erred in relying on evidence outside the record of conviction to find Moreno was* "*armed with a deadly weapon*"

In *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*), the court decided that, in determining the "armed with a deadly weapon" disqualifying factor, the trial court is limited to the record of conviction because the language and framework of

4

the Reform Act relating to that determination was similar to that involved in determining whether a prior conviction may be proved as an enhancement under *People v. Guerrero* (1988) 44 Cal.3d 343. (*Bradford*, *supra*, at p. 1338.) Accordingly, the trial court may look to the "relevant, reliable, admissible portions of the record of conviction to determine disqualifying factors." (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 800 (*Brimmer*).)

The exact parameters of what constitutes the "record of conviction" have not been precisely defined. (*People v. Woodell* (1998) 17 Cal.4th 448, 454.) It has been held that the record of conviction includes the charging document and court records reflecting a defendant's admission, no contest plea, or guilty plea. (*People v. Reed* (1996) 13 Cal.4th 217, 224 (*Reed*)). "[F]acts established within the record of conviction, even if those facts were not essential to the judgment" may be considered. (*People v. Smith* (1988) 206 Cal.App.3d 340, 344.) The record of conviction also includes pretrial motions and closing arguments (*People v. White* (2014) 223 Cal.App.4th 512, 525 (*White*)) and the prior opinion in defendant's appeal (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 800-801). The transcript of a preliminary hearing, which falls within both the official records and former-testimony exceptions to the hearsay rule, is also considered part of the record of conviction and will be admissible to support a determination that a prior conviction was a serious felony. (*Reed*, *supra*, at p. 230; *People v. Trujillo* (2006) 40 Cal.4th 165, 177.)

In this case, the record of conviction does not contain *any* information which supported the trial court's conclusion that Moreno was armed with a deadly weapon at the time of the current offense. Moreno's guilty plea was based on the following stipulated facts: "while housed in a California penal institution [Moreno] was in possession of a sharp instrument and without lawful purpose." Faced with the paucity of information in the record of conviction, the trial court relied on a recitation of facts set

5

forth in the People's opposition to Moreno's *Romero*[3] motion to deny his petition for resentencing. The trial court, in a tacit acknowledgement that the record of conviction by itself was insufficient, justified its reliance on this material by citing section 1170.126, subdivision (g), which describes the more expansive information the court may consider when it is making a *posteligibility* determination on the question of whether resentencing a defendant would present an unreasonable danger to public safety. This was error.

The initial eligibility determination must be made on the record of conviction and the record of conviction alone. (*Bradford*, *supra*, 227 Cal.App.4th at p. 1339; *Oehmigen*, *supra*, 232 Cal.App.4th at p. 7.) It is only once a petitioner has been found eligible for resentencing that the trial court may consider information *outside* that record, as described in section 1170.126, subdivision (g), in evaluating the ultimate question of whether resentencing the petitioner "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Of course, that information will be considered at a contested hearing, where the petitioner would have notice and an opportunity to be heard, not to mention the opportunity to rebut the material presented by the People. As noted in *Bradford*, "[r]egarding eligibility, the current statute contains no procedure permitting the trial court to consider new evidence outside of the record of conviction . . . . To do so would impose a cumbersome two-step process in which the trial court would be required to consider new evidence at two stages of the proceedings. Had the drafters of Proposition 36 intended the trial court to consider newly offered 'evidence' at the eligibility stage, they would have included express language of the type they did to describe the nature of the court's later, discretionary sentencing determination." (*Bradford*, *supra*, at p. 1339.)

The People argue that the complaint and information, which are part of the record and conviction, charged Moreno with unlawfully "possess[ing] and carry[ing] upon his

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

person and hav[ing] under his custody and control" a deadly weapon. Having pleaded guilty to that charge, Moreno necessarily admitted being armed with a deadly weapon. We disagree.

To be armed with a weapon, the defendant must have "the specified weapon available for use, either offensively or defensively." (*People v. Bland* (1995) 10 Cal.4th 991, 997.) In *White*, *supra*, 223 Cal.App.4th 512, the Court of Appeal addressed whether defendant's conviction for unlawful possession of a firearm in violation of former section 12021, subdivision (a)(1) was sufficient to establish that he was armed with a firearm. The court noted the statutory elements of that crime were that a person, " 'who has previously been convicted of a felony, had in his or her *possession* or under his or *custody or control* any firearm.' " (*White*, *supra*, at p. 524.) However, "[a]lthough the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm . . . such an act is not an essential element of a violation of [former] section 12021[, subdivision] (a) because a conviction of this offense also may be based on a defendant's *constructive* possession of a firearm." (*Ibid.*) Accordingly, "while the act of being armed with a firearm—that is, having ready access to a firearm [citation]—necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it." (*Ibid.*) Although the defendant in *White* was charged with and convicted of being a felon in possession of a firearm, as opposed to possession of a deadly weapon in violation of section 4502, subdivision (a), the same analysis applies.

Moreno was charged with possession of a deadly weapon in both the complaint and information, and pleaded guilty. His guilty plea was to the effect that he was "in possession of a sharp instrument and without lawful purpose." His possession of that weapon could have been either physical; i.e., carried on his person, or constructive; i.e., under his custody or control. There is nothing *in the record of conviction* establishing which of those factual scenarios occurred.

7

As a result, the trial court erred in finding Moreno ineligible for resentencing by relying on information outside the record of conviction to establish he was armed with a deadly weapon in the commission of the current offense.

   *B.     No pleading and proof requirement in resentencing proceedings*

   Moreno contends the "plain language" of the Reform Act does not permit a defendant to be found ineligible for resentencing due to the fact that, "[d]uring the commission of the current offense" he or she "was armed with a deadly weapon," unless that fact was pleaded and proved when the defendant was convicted of the current offense.  (§§ 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)  We disagree.

   This court recently held in *People v. Chubbuck* (2014) 231 Cal.App.4th 737 (*Chubbuck*), that a prosecutor is not required to plead and prove *any* of the disqualification factors set forth in section 1170.126.  (*Chubbuck*, *supra*, at p. 740.) *Chubbuck* endorsed the analysis set forth in many other recent published decisions from our sister Courts of Appeal, such as *White*, *supra*, 223 Cal.App.4th 512, *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*), *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*), *People v. Elder* (2014) 227 Cal.App.4th 1308, and *Brimmer*, *supra*, 230 Cal.App.4th 782.  (*Chubbuck*, *supra*, at p. 745.)

   As in the present case, the defendant in *Chubbuck* argued that " 'a fair reading' " of the Reform Act " 'compels a conclusion' that the pleading and proof language of section 1170.12, subdivision (c)(2)(C) applies to the disqualifying factors referenced in section 1170.126, subdivision (e)(2)."  (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 746.) In other words, because the Reform Act expressly requires the prosecution to plead and prove the disqualifying factors at the initial sentencing of a potential third strike defendant, the prosecution must also plead and prove the disqualifying factors for anyone seeking resentencing under the Reform Act.  *Chubbuck* expressly rejected this argument, pointing out that the Reform Act "explicitly distinguishes between the procedures

8

applicable to resentencing and the procedures applicable prospectively, to defendants who are being sentenced for a new offense." (*Ibid.*)

Moreno next argues his current third strike sentence was imposed for being a felon in possession of a deadly weapon, and was not imposed for being armed with a deadly weapon which is one of "the offenses appearing in . . . clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Noting that clause (iii) describes only "a *fact* relating to an unspecified generic offense," that is, that "[d]uring the commission of the current offense, the defendant was armed . . . with a . . . deadly weapon," Moreno claims that the provision can be construed as describing an "offense," *only* if it is read in conjunction with the pleading and proof language of section 1170.12, subdivision (c)(2)(C).

*Chubbuck* rejected this same argument: "While section 1170.126, subdivision (e)(2) 'expressly cross-references "clauses (i) to (iii), inclusive" of [sections] 667[, subdivision] (e)(2)(C) and 1170.12[, subdivision] (c)(2)(C), nothing in the language of section 1170.126[, subdivision] (e)(2) or of any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the Reform Act references the plead-and-prove language.' " (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747, quoting *White*, *supra*, 223 Cal.App.4th at pp. 526-527.)

Citing *Apprendi v. New Jersey* (2000) 530 U.S. 466, Moreno further contends it is unconstitutional to impose a sentence "for a particular aggravated crime or enhancement unless the facts giving rise to the aggravation or enhancement have been pleaded and either proven to a jury beyond a reasonable doubt, or admitted by the defendant." This argument was rejected in *Blakely*, *supra*, 225 Cal.App.4th 1042, which reasoned: "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed. In the case of a third strike offender such as defendant, that sentence is the indeterminate term of 25 years to life in prison that the trial court

9

permissibly imposed at the time defendant was convicted of his current offense, 'solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.' " (*Id*. at p. 1061.) We agree that *Apprendi* does not apply to resentencing petitions under the Reform Act.

Moreno also argues that "courts are obligated to construe any ambiguity in a penal statute in a manner which avoids constitutional problems" and thus "judicial factfinding in the present case about the nature of the 'current' conviction is constitutionally dubious."

This reasoning was addressed and rejected in *Chubbuck*: "[W]e find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C). As explained above, the Reform Act explicitly distinguishes between the procedures applicable to resentencing and the procedures applicable to defendants who are being sentenced for a new offense, and section 1170.126, subdivision (e)(2) only 'expressly cross-references "clauses (i) to (iii), inclusive" of [sections] 667[, subdivision] (e)(2)(C) and 1170.12[, subdivision] (c)(2)(C),' not any other provisions of those statutes." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747.)

Moreno next argues the Reform Act should be broadly and liberally construed to promote its legislative goals, i.e., to ensure that sentences of 25 years to life are reserved only for defendants whose current convictions are for violent or serious crimes and to save taxpayers' money by reducing the costs associated with lifelong incarceration of nonviolent offenders. Thus, he claims that "an interpretation of section 1170.126 which includes the 'pleading and proof' requirement for the resentencing exclusions clearly promotes the remedial goals of the initiative."

Moreno has accurately stated two of the Reform Act's underlying remedial purposes. "However, the goals of the Reform Act included ensuring that ' "*dangerous criminals* serve their full sentences" ' (*Osuna*, *supra*, 225 Cal.App.4th at p. 1037), and

10

the Reform Act explicitly included, as a factor disqualifying an inmate from resentencing, [those defendants who were armed with a deadly weapon]. . . . We are not persuaded that in order to effectuate the remedial purposes of the Reform Act, facts that disqualify an offense from resentencing eligibility must have been pleaded and proved in a prior proceeding, rather than determined by a judge at a resentencing eligibility proceeding. [¶] Although reducing sentences would save taxpayer money, we do not agree with defendant that this is a sufficient reason to impose a pleading and proof requirement on resentencing disqualification criteria. 'It is clear the electorate's intent was not to throw open the prison doors to *all* third strike offenders whose current convictions were not for serious or violent felonies, but only to those who were perceived as nondangerous or posing little or no risk to the public.' " (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 748, quoting *Osuna*, *supra*, at p. 1038.)

Lastly, Moreno argues "the rule of lenity" supports his interpretation of section 1170.126, subdivision (e)(2). However, "the rule of lenity 'applies " 'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.' " [Citation.]' [Citation.] As stated above, we find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C)." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 748.)

### C. *No "tethering" requirement in resentencing proceedings*

Moreno also argues he should be found eligible for resentencing because there was no "separate, tethering felony current offense" besides his mere possession of a deadly weapon. In support of this argument, Moreno cites several statutes which impose sentence enhancements for being armed "in the commission of the current offense" and notes that case law has uniformly held that those arming enhancements may be imposed only where there was a separate connected felony charge beyond simple possession of a deadly weapon.

11

The arming enhancement statutes cited by Moreno[4] all use the phrase "in the commission of a felony or attempted felony" whereas the Reform Act uses the phrase "[d]uring the commission of the current offense." (§ 1170.12, subd. (c)(2)(C).) The distinction makes a difference, as explained in *Osuna*, "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the [Reform] Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' [Citation.] In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) "Since the [Reform] Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the [Reform] Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Ibid*.; *Brimmer*, *supra*, 230 Cal.App.4th at pp. 798-799.) We find no fault with the analysis in *Osuna* and therefore conclude that the Reform Act does not mandate exclusion for resentencing only where there is a separate tethering felony in which the defendant is armed with a deadly weapon.

---

[4] Specifically, section 12022, subdivision (a)(1) (one year enhancement for any person "armed with a firearm in the commission of a felony or attempted felony"); section 12022, subdivision (b)(1) (one year enhancement where person "personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony"); and section 12022.5, subdivision (a) (three, four or 10 year enhancement for person "who personally uses a firearm in the commission of a felony or attempted felony").

**III.    DISPOSITION**

The order denying Moreno's petition is reversed.  The matter is remanded to the superior court with directions to set a hearing on the question of whether resentencing Moreno would pose an unreasonable risk of danger to public safety, in accordance with Penal Code section 1170.126, subdivision (f).

_____

                                    Walsh, J.[*]


        WE CONCUR:



_____

        Rushing, P.J.




_____

        Elia, J.




People v. Moreno
H041189

_____

        [*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.